**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000344**
**15-JAN-2025**
**09:33 AM**
**Dkt. 86 SO**

NO. CAAP-24-0000344

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF S.L.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 22-00155)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Mother-Appellant/Cross-Appellee K.M. (**Mother**) appeals and Father-Appellee/Cross-Appellant J.L. (**Father**) cross-appeals from the April 22, 2024 Order Terminating Parental Rights (**Termination Order**) entered in the Family Court of the First Circuit[1] (**Family Court**), which terminated Mother's and Father's (Parents') respective parental rights to their child, S.L. (**Child**).

On appeal, Mother contends the Family Court erred in terminating her parental rights because: (1) it failed to explore legal guardianship as an alternative to adoption; (2) the March 6, 2024 Permanent Plan (**Permanent Plan**) prepared by

---

[1] The Honorable Rebecca A. Copeland presided.

Petitioner-Appellee/Cross-Appellee Department of Human Services (**DHS**) does not explain why seven months is a reasonable time period to complete Child's adoption; and (3) the Permanent Plan fails to state whether Child's current foster placement with Resource Caregivers (**RCGs**) would be his post-termination permanent placement, which deprives Parents of an opportunity to object, and prevents the Family Court from making a proper determination as to the best interests of Child.[2]  Echoing Mother's third point of error, Father contends that the Family Court clearly erred in finding by clear and convincing evidence that the Permanent Plan is in the Child's best interest because it fails to identify a proposed permanent placement.  Parents also challenge the Family Court's Findings of Fact (**FOFs**) 56, 58, 61, 71, 73, 165, 167, 168, and 173, and Conclusions of Law (**COLs**) 25, 35, and 36.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Parents' arguments as follows:

(1)  Mother contends that because the Family Court in FC-G No. 22-1-0073 awarded legal guardianship for four of her other children, DHS must have provided a compelling reason why it was in their best interests, which the Family Court failed to explore in this case when it decided adoption was in Child's best interests.  In conjunction with this argument, Mother challenges

---

[2]  We liberally construe Parents' respective abbreviated opening briefs as collectively raising these three points of error.

FOF 168,[3] which she claims is clearly erroneous because there was testimony that adoption was not in her other children's best interests, as their resource caregiver did not want to adopt.

Hawaii Revised Statutes (**HRS**) § 587A-32(a) (2018) provides:

> **§ 587A-32  Permanent Plan.**  (a) The permanent plan shall:
>
> (1)  State whether the permanency goal for the child will be achieved through adoption, legal guardianship, or permanent custody;
>
> (2)  Establish a reasonable period of time by which the adoption or legal guardianship shall be finalized;
>
> (3)  Document:
>
> > (A)  **A compelling reason why legal guardianship or permanent custody is in the child's best interests <u>if</u> adoption is not the goal**; or
> >
> > (B)  A compelling reason why permanent custody is in the child's best interests if adoption or legal guardianship is not the goal;
>
> (4)  Establish other related goals, including those pertaining to the stability of the child's placement; education; health; therapy; counseling; relationship with the child's birth family, including visits, if any; cultural connections; and preparation for independent living;
>
> (5)  If a child has reached the age of fourteen, describe the services needed to assist the child with the transition from foster care to independent living; and
>
> (6)  Describe the methods for achieving the goals and objectives set forth in paragraphs (4) and (5).

(Emphasis added).

---

[3]  FOF 168 states:

> 168.  Based on the totality of the credible evidence and testimony, the court does not find the DHS acted improperly in seeking to terminate the parental rights over the child subject to this case, rather than seek legal guardianship as it did for any of the prior children who were also involved in foster custody cases.

HRS § 587A-30 (2018) similarly states, *inter alia*, that if a child is not expected to return to a safe family home, the child's permanent placement out of the family home shall be "in the following order of preference: (i) Adoption; (ii) Legal guardianship; or (iii) Other permanent out-of-home placement[.]" HRS § 587A-30(b)(5)(B).

Thus, Hawaii's Child Protective Act requires a compelling reason when a permanent plan states a goal of legal guardianship or permanent custody over adoption, not the other way around. Here, Mother argues that there must be a compelling reason why guardianship should also be the goal for Child, but she fails to identify one. Moreover, there was ample clear and convincing evidence in the record concerning, *inter alia*, unresolved substance abuse and domestic violence, which supported a conclusion that neither Parent was able to provide a safe family home, or would become able to do so within a reasonable period, and therefore the Permanent Plan of adoption was in Child's best interests. Accordingly, we conclude that Mother's first point of error is without merit.

(2) Mother argues that the Permanent Plan fails to explain why seven months from the date of the Permanent Plan is a reasonable period to finalize Child's adoption, as required by HRS § 587A-32(a). As set forth above, HRS § 587A-32(a)(2) required that a permanent plan establish a reasonable period of time for the adoption or guardianship to be finalized, but does not mandate specific parameters for determining the reasonable time. In this case, it appears that the proposed adoption was to

be finalized within five months after an April 17, 2024 hearing on the termination of parental rights.  The September 2024 date allowed time for DHS to make a final decision regarding the adoption and complete various requirements and documentation before the first post-termination permanency hearing required under HRS § 587A-31(a) (2018).  Mother presents no specific argument and cites no evidence in the record supporting a determination that this was not a reasonable amount of time.  We cannot conclude that this argument provides a basis for appellate relief.

(3)  Mother argues that, in the Permanent Plan, DHS must unambiguously identify who DHS believes should adopt Child.  It appears, however, that Mother recognizes that this is not a requirement stated in the Hawaiʻi Child Protection Act or any case law thereon.  Mother contends that approval of the Permanent Plan without the identification of the proposed placement was not in Child's best interest because Parents would be denied an opportunity to present evidence that a particular proposed placement was not in Child's best interests.  However, the plain language of HRS § 587A-32 requires only that the permanent plan state "whether the permanency goal for the child will be achieved through adoption, legal guardianship, or permanent custody," (emphasis added), and nothing in the statutory language supports a conclusion that it must also identify a specific permanent placement.  Indeed, the case Mother cites, In the Interest of SP, CAAP-13-0003106, 2014 WL 1658601 (Haw. App. Apr. 25, 2014) (SDO),

weighs against her argument. Therein, this court held:

> Specification of adoptive parents **is not required in a proposed permanent plan** under Hawaii Revised Statutes (HRS), § 587A-32 (Supp. 2013). In addition, under HRS § 587A-33(b)(3) (Supp. 2013), after the [Family Court] terminates parental rights, terminates the existing service plan, and revokes foster custody, the permanent custody of the child shall be awarded to an appropriate authorized agency. **Thus, the family court cannot approve a permanent plan that specifies adoptive parents because it is contrary to HRS § 587A-33(b)(3).**
>
> . . . .
>
> . . . [T]he issue of the permanent adoption of SP is not determined until after termination of Mother's parental rights and approval of a permanent plan and approval by the [Family Court] after a permanency hearing.

Id. at *1-2 (emphases added); see also Interest of K.K., CAAP-23-0000058, 2024 WL 490880, at *3 n.4 (Haw. App. Feb. 8, 2024) (SDO) (noting that specification of adoptive parents is not required in a proposed permanent plan).

Though it appears that a pre-termination permanent plan *may* identify a proposed permanent placement as part of its permanency goal, it is not required to do so, as the final determination of permanent placement is not required to be decided until after termination. See Interest of AB, 145 Hawaiʻi 498, 516-17, 454 P.3d 439, 457-58 (2019) ("[U]pon termination of parental rights, discretion to determine an appropriate custodian is vested in DHS.") (quoting In re Doe, 100 Hawaiʻi 335, 346, 60 P.3d 285, 296 (2002)).

We have carefully reviewed each of Parents' related challenges to specific FOFs and COLs, and we conclude that the Family Court did not clearly err in FOFs 56, 58, 61, 71, 73, 165, 167, 168, and 173, and COLs 25, 35, and 36 are not wrong.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

For these reasons, the Family Court's April 22, 2024 Termination Order is affirmed.

DATED: Honolulu, Hawaiʻi, January 15, 2025.

On the briefs:

Herbert Y. Hamada
for Mother-Appellant/
 Cross-Appellee.

Crystal M. Asano
for Father-Appellee/
 Cross-Appellant.

Joy S. Wills,
Julio C. Herrera,
Erin K.S. Torres,
Kurt J. Shimamoto,
Deputy Attorneys General,
Department of the Attorney
General,
for Petitioner-Appellee/
 Cross-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge